UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| J. M. AHMED[1], | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:24-cv-448 |
| | ) | |
| FRANK J. BISIGNANO[2], | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the court on petition for judicial review of a decision of the

Commissioner of Social Security, filed by the plaintiff, J. M. Ahmed, on December 20, 2024. For

the following reasons, the decision of the Commissioner is **REMANDED**.

*Background*

The plaintiff, J. M. Ahmed ("Ahmed"), filed an application for Title II benefits on

February 27, 2020, alleging a disability onset date in July 2019. [DE 14]. The Social Security

Administration ("SSA") initially denied Ahmed's claims on October 29, 2020 and on

reconsideration on February 10, 2021. (Tr, 68-69). Following a hearing, Administrative Law

Judge ("ALJ") Leeanne Foster issued an unfavorable decision on November 23, 2021. (Tr. 10-

24; Tr. 30-58). Ahmed appealed to this court, which remanded this case on June 22, 2023. (Tr.

1373; Tr. 1386-97). The Appeals Council remanded the case back to the ALJ in October 2023.

(Tr. 1446-48). The ALJ held a second hearing on August 6, 2024. During the 2024 hearing,

---

[1] To protect privacy, the plaintiff's full name will not be used in this Order.
[2] Frank Bisignano was confirmed as Commissioner on May 6, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano should be substituted as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Ahmed requested a closed period of disability from July 27, 2019 to August 31, 2022. (Tr. 1344). The ALJ issued an unfavorable decision on August 28, 2024. (Tr. 1318-30). The ALJ's 2024 decision is the final decision of the Commissioner of Social Security. [DE 19].

At step one of the five-step sequential analysis for determining whether an individual is disabled, as defined in the Social Security Act, the ALJ found that Ahmed did not engage in substantial gainful activity between July 27, 2019 and August 31, 2022, and that Ahmed met the insured status requirements of the Act through December 31, 2024. (Tr. 1320-21).

At step two, the ALJ determined that Ahmed had the severe impairments of morbid obesity, leukocytoclastic vasculitis, status post ascending aortic aneurysm repair, syncope, asthma, and lumbar degenerative disc disease. (Tr. 1321). The ALJ stated that these "medically determinable impairments significantly limit the ability to perform basic work activities as required by SSR 85-28." *Id.* The ALJ also noted the following diagnoses: anemia, gastritis, hypertension, dyslipidemia, osteoarthritis of the knees, and mild atherosclerosis of the carotid arteries. Id. The ALJ recounted that Ahmed treated the aforementioned conditions with medications.

At step three, the ALJ concluded that Ahmed did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 1321).

Following step three, the ALJ then assessed Shepardson's residual functional capacity (RFC), holding as follows:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except that the claimant could occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs. The claimant could never climb ladders, ropes, or scaffolds. The claimant could have occasional concentrated exposure to dusts, fumes, odors, and gases. The claimant could have

no exposure to unprotected heights or dangerous moving machinery. (Tr. 1323).

At step four, the ALJ found that Ahmed had no past relevant work. (Tr. 1329).

At step five, the ALJ relied on vocational testimony and found that Ahmed could perform three jobs which existed in sufficient numbers in the national economy, including a cashier, retail marker, and general office helper. *Id*. As a result, the ALJ found that Ahmed was not disabled from July 27, 2019 to August 31, 2022, as defined in the Social Security Act. *Id*.

### *Discussion*

The standard for judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is limited to a determination of whether those findings are supported by substantial evidence. 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive."); *Moore v. Colvin*, 743 F.3d 1118, 1120–21 (7th Cir. 2014); *Bates v. Colvin*, 736 F.3d 1093, 1097 (7th Cir. 2013) ("We will uphold the Commissioner's final decision if the ALJ applied the correct legal standards and supported her decision with substantial evidence."); *Swiecichowski v. Dudek*, 113 F.4th 751, 756 (7th Cir. 2025); *Rabdeau v. Bisignano*, 155 F.4th 908, 912 (7th Cir. 2025) (quoting *Jarnutowski v. Kijakazi*, 48 F.4th 769,773 (7th Cir. 2022)). Courts have defined substantial evidence as "such relevant evidence as a reasonable mind might accept to support such a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 852 (1972) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S. Ct. 206, 217, 83 L. Ed. 2d 140 (1938)); *see Bates*, 736 F.3d at 1098. A court must affirm an ALJ's decision if the ALJ supported her findings with substantial evidence and if there have been no errors of law. *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013) (citations omitted); *Warnell v. O'Malley*, 97

3

F.4th 1050, 1051 (7th Cir. 2024) (the substantial evidence standard of review is deferential); *see also Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (the court does not reweigh evidence). Yet "the decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues." *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003).

Disability insurance benefits are available only to individuals who can establish a "disability" under the Social Security Act. The claimant must show that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security regulations enumerate the five-step sequential evaluation to be followed when determining whether a claimant has met the burden of establishing disability. 20 C.F.R. §§ 404.1520, 416.920. The ALJ first considers whether the claimant is employed and "doing . . . substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b). If she is, the claimant is not disabled, and the evaluation process is over. If she is not, the ALJ next addresses whether the claimant has a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c); *see Williams v. Colvin*, 757 F.3d 610, 613 (7th Cir. 2014) (discussing that the ALJ must consider the combined effects of the claimant's impairments). Third, the ALJ determines whether that severe impairment meets any of the impairments listed in the regulations. 20 C.F.R. § 401, pt. 404, subpt. P, app. 1. If it does, then the impairment is acknowledged by the Commissioner to be conclusively disabling. However, if the impairment does not so limit the claimant's remaining capabilities, the ALJ reviews the claimant's "residual functional capacity" and the physical and mental demands of her past work. If, at this fourth step, the claimant can

perform her past relevant work, he will be found not disabled. 20 C.F.R. §§ 404.1520(e), 416.920(e). That said, if the claimant shows that her impairment is so severe that she cannot engage in her past relevant work, then the burden of proof shifts to the Commissioner to establish that the claimant, considering her age, education, job experience, and functional capacity to work, is able to perform other work and that such work exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1520(f), 416.920(f); *see Biestek v. Berryhill*, 139 S. Ct. 1148 (2019) (upon the disability benefits applicant's request, vocational expert's refusal to provide the private market-survey data underlying his opinion about job availability does not categorically preclude the expert's testimony from counting as "substantial evidence" but, instead, the inquiry is case-by-case).

Ahmed has requested that the court remand this matter for additional proceedings. In her appeal, she challenges the ALJ's compliance with SSR 96-8p and omission of fatigue assessment, evaluation of her subjective symptoms pursuant to SSR 16-3p, and improper reliance on medical expert testimony.

As a preliminary matter, Ahmed asserts that the ALJ violated the Law of the Case Doctrine. [DE 14]. The Law of the Case Doctrine is a discretionary doctrine that discourages judges from reopening "issues decided in earlier stages of the case absent extraordinary circumstances." *Rao v. J.P. Morgan Chase Bank*, N.A., 153 F.4th 541, 550 (7th Cir. 2025) (citing *Galvan v. Norberg*, 678 F.3d 581, 587 (7th Cir. 2012)). Ahmed argues that the ALJ made the same errors that this court considered in the 2021 decision. [DE 14]. Specifically, Ahmed argues that the ALJ has violated the Law of the Case Doctrine by failing to explain why she did not address Ahmed's testimony regarding the need to lie down because of fatigue. (Tr. 1391). However, "for the law of the case doctrine to come into play, the court must have first

determined the particular issue, as an '[a]ctual decision of an issue is required to establish the law of the case.'" *Surprise v. Saul*, 968 F.3d 658, 663 (7th Cir. 2020) (quoting *U.S. v. Robinson*, 724 F.3d 878, 886 (7th Cir. 2013)). The court is unconvinced by this argument, which Ahmed contends in two of her challenges. This court remanded this case and ordered the ALJ to address the issue of fatigue. The court did not determine to what extent Ahmed's fatigue limited her work capabilities or how it should be assessed by the ALJ. Accordingly, no determination had been made relating to the law of this case. Even if the court's directive for the ALJ to explicitly consider fatigue on remand was a determination, the ALJ failed to discuss Ahmed's testimony that she required to lay down during the day.

1.  **The ALJ 's Analysis of Fatigue was Insufficient Pursuant to SSR 96-8p's Requirements**

First, the "RFC is not the *least* an individual can do despite his or her limitations or restrictions, but the *most*." SSR 96-8p, ¶ 5. The RFC finding is central to the outcome of a Social Security case. This determination represents the claimant's ability to work in consideration of all of her physical and mental limitations, and as such it plays a key role in the ALJ's determination of whether the claimant is disabled and eligible for benefits, or whether she can hold substantial gainful employment on a regular basis. SSR 96-8p, 1996 WL 374184, at *1; *Pepper v. Colvin*, 712 F.3d 351, 362 (7th Cir. 2013); *see also Yurt v. Colvin,* 758 F.3d 850, 857 (7th Cir. 2014) ("the ALJ's RFC assessment must incorporate all of the claimant's limitations supported by the medical report."). Since the RFC finding must account for all of a claimant's physical and mental limitations, an ALJ's failure to fully consider even non-severe limitations within the RFC finding warrants remand and reversal. *Denton v. Astrue*, 596 F.3d 419, 423 (7th Cir. 2010); *Golembiewski v. Barnhart*, 322 F.3d 912, 918 (7th Cir. 2003). This is because an RFC finding

which does not account for all of a claimant's limitations is not supported by substantial evidence. *Lothridge v. Saul*, 984 F.3d 1227, 1232-33 (7th Cir. 2021).

An ALJ is free to determine that a claimant's alleged impairments are not supported by the medical and nonmedical evidence. 20 C.F.R. § 416.920c(b)(2), (c)(1)-(2) (regulatory factors of supportability and consistency are the most important factors ALJs consider when determining persuasiveness of prior administrative medical findings). Ahmed asserts that the ALJ dismissed the severity of her fatigue. In her motion, Ahmed points to evidence submitted to the ALJ, including notation that her conditions and relevant medications can cause fatigue. [DE 14].  The claimant has the burden of proof of impairment. 20 C.F.R. §§ 440.1512, 416.912. Establishing a physical or mental impairment must be done "by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [the claimant's] statement of symptoms." 20 C.F.R. §§ 404.1508, 416.908; *see Thorlton v. King*, 127 F.4th 1078, 1080 (7th Cir. 2025) ("a claimant bears the burden of proving their disability.").

It is not possible for the court to determine if the ALJ built a logical bridge from all the relevant evidence to her determination, as required. *Jeske v. Saul*, 955 F.3d 583, 587 (7th Cir. 2020); *Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005). The ALJ failed to address Ahmed's statements that she needed to lay down during the day and that she still struggled with fatigue after her bariatric surgery. The ALJ did acknowledge that Ahmed reported "extreme fatigue" (Tr. 1323), and that treating physician Dr. Kidanu assessed that the "fatigue resolved" (Tr. 1323; Tr. 1680-81). The ALJ also noted that Ahmed testified she "continued to have fatigue" (Tr. 1328) but her shortness of breath improved after surgery. In short, the ALJ did nothing more than summarize these statements and proceed to find Ahmed not disabled during the relevant period. An "ALJ may discredit an individual's subjective complaints regarding the

intensity and persistence of symptoms 'if the frequency or extent of the treatment sought by an individual is not comparable with the degree of the individual's subjective complaints.'" *Hess v. O'Malley*, 92 F.4th 671, 679 (7th Cir. 2024) (quoting SSR 16-3p, 82 Fed. Reg. 49, 462, 49, 466 (Oct. 25, 2017). However, the ALJ cannot merely summarize a claimant's testimony and not articulate why she finds it contradictory to the record. *Negron v. Kijakazi*, 2022 WL 17688432, at *4 (N.D. Ind. Dec. 15, 2022) (It is impossible for the court to trace the ALJ's logic where he failed to discuss or analyze her regular complaints of fatigue and her reported need for naps throughout the day."). The ALJ "must articulate specific reasons for his findings" and "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539-40 (7th Cir. 2003) (quoting *Zurawski v. Halter*, 245 F.3d 881, 887-88 (7th Cir. 2001) (internal quotations omitted).

This court had previously found that the ALJ did not address Ahmed's testimony that she would need to lay down or might require frequent naps during the day. (Tr. 1391). If the ALJ determined that Ahmed's statements regarding fatigue were inconsistent with the evidence, she should have discussed why the testimony was discredited. The ALJ hardly summarized Ahmed's testimony as she merely acknowledged Ahmed reported "extreme fatigue" without more. (Tr. 1323).

This court will not reweigh the evidence presented or make its own determination about Ahmed's fatigue testimony. However, remand is warranted due to the ALJ's lack of articulation in discrediting her testimony. In his Response [DE 19], the Commissioner argues that Ahmed failed to complain of fatigue to her treating physicians. If the ALJ determined that fact, that should have been articulated in her decision to deny Ahmed benefits. As previously stated, this

court does not have jurisdiction to reweigh evidence that the ALJ considered. *Powers v. Apfel*, 207 F.3d 431, 434-35 (7th Cir. 2000) ("this Court may not decide the facts anew, re-weigh the evidence or substitute its own judgment for that of the Commissioner to decide whether a claimant is or is not disabled") (citing *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999)). It is unclear, though, if the ALJ considered any evidence about Ahmed's fatigue.

Because the court finds remand appropriate because the ALJ did not adequately articulate her analysis of Ahmed's testimony, the court need not evaluate Ahmed's other arguments. It is noteworthy, though, that Ahmed challenges the ALJ's reliance upon Dr. Krishnamurthi's medical opinion. The court is not satisfied with the ALJ's explanation of Dr. Krishnamurthi's reliability. While the ALJ need only provide the "most minimal" articulation, the ALJ stated that Dr. Krishnamurthi "explained his opinions well with cites to specific support in the record, and they are overall consistent with State Agency medical consultants and the overall record." (Tr. 1327). In *Warnell*, the Seventh Circuit found that the ALJ met the "most minimal" articulation requirements because she "devoted considerable space to addressing the persuasiveness of Warnell's experts," "highlighted specific evidence that contradicted their conclusions," and "acknowledged and grappled with conflicting evidence." *Warnell*, 97 F.4th at 1054. Merely stating that the doctor explained his opinions, as the ALJ did here, is not sufficient articulation under this standard.

## *Conclusion*

For the foregoing reasons, the decision of the Commissioner is **REMANDED**.


ENTERED this 31st day of March, 2026.

/s/ Andrew P. Rodovich
United States Magistrate Judge

9